Harper, J.
delivered the opinion of the Court,
I understand the argument in support of the first ground of the motion to be, that the bridge constitutes part of the road ; that, according to the idea of the presiding judge, you cannot subdivide the road into small sections and indict for each separately ^ that whether a larger or smaller portion of road be be out of repair, or whether it be out of repair in one or more places, this constitutes but one offence, and bridge’s being out of repair, which constituted but a part road, could not be the subject of a separate indictment and penalty. It is also argued that for whatever length of time, within the period prescribed by the statute of limitations, the road may continue out or repair, this can constitute but one offence.
We agree with the presiding judge that “each road or bridge becomes the subject of a particular duty, a neglect of which subjects tho Commissioner to a separate penalty.” The act of 1825 throughout speaks of roads and bridges as distinct, and made different provisions for their construction and repair. The whole of the Commissioners, as a board, are authorized to make assessments for the purpose of making and repairing bridges, and it may well be, that while a particular division of road may be assigned to a Commissioner, yet a bridge on that road may not be regarded as assigned to him or under his superintendence, but retained under the management of the board.
*393 With respect to the length of time for which the roads may continue out of repair, I know of no rule which can be applied but that of the common law respecting a public nuisance; which this offence indeed is. However long a nuisance may have been continued before indictment, this makes but one offence; but if after indictment and conviction, the nuisance be continued, the party may be again indicted ; Per Kenyon, J. King v. Stead, 8 T. R. 144.
A question was also made as to the penalty which ought to be imposed upon conviction. The eighth section of the act of 1825, provides “That if any person who is now acting as Commissioner of the roads, or shall hereafter be elected or appoint, cd a Commissioner of roads, shall refuse or fail to act without a sufficient excuse, after having received notice of such election or appointment, or shall neglect his duty after acting, he shall forfeit and pay for the use of the roads the sum of fifty dollars, to be recovered by indictment at law.”
The eleventh section of the act provides, that each commissioner shall be responsible for the roads in the division which shall be assigned to him “and if at any time the roads shall be in such order as many require the interference of the judiciary of the State, the said Commissioner shall be liable to bo proceeded against in the same manner and subject to the same penalty, as the several boards are now liable for similar delinquencies.” The penalty in the present instance is supposed to be fixed by the latter clause instead of the former, and for the penalty to which the boards were subject before the passing of this act, we are referred to the second section of the act of 1795 on the same subject. But that section, except as to the amount of the fine, which is fixed at twenty dollars, is nearly in the terms of the eighth section of the act of 1825, merely imposing a fine on any individual Commisioner who “shall refuse to act or shall neglect doing his duty.” Nor in any of the acts on the subject is any particular penalty imposed on the commissioners as a board. The liability to which they were subject was the common law liability to be indicted for nui-sanee and fined at the discretion of the Court. It is said, 4 Blac. Com. 167, speaking of nuisances, “of this nature are 1. annoyances in high ways, bridges and public rivers, by rendering the same inconvenient or dangerous to pass, either positively, by actual obstructions, or negatively by want of reparations. For both of these the persons so obstructing, or such in. dividuals as are bound to repair and cleanse them, or (in default of these-last) the parish at large, may be indicted, distrain-ed to repair and mend them, and in some cases fined.” As soon as it was made the duty of the commissioners to repair and mend the roads, bridges, &c. they became liable to be *394 thus proceeded against. But upon the construction of the the whole act perhaps it will be safest to adhere to the penally fixed by the eighth section ; which cannot, as suggested, apply merely to a neglect of duty in failing to attend the meetings of the-board, for which a separate penalty is provided.
Bausket, for the motion.
Thompson, Sol. contra.
But on the second ground we think the motion must be granted. I do not doubt that it may be the duty of the individual Commissioner to build and repair bridges — that is to say, the rude and inartificial bridges which may be built by the ordinary labor of the country. But some bridges require to be built, to which the ordinary labor of the country would be incompetent, and which it is necessary that the board should cause to be built by contract. I suppose that according to tho reasoning of the presiding judge the care of repairing these may devolve on the particular Commissioner in whose road division they lie. But there may be repairs of these requiring greater skill and more labor than are at his disposal, and these would devolve on the whole board. It does not appear to have been a subject of inquiry whether the repairs required in the present instance were of that character. There seems reason to suppose that they were, as the committee appointed by the board reported that a new bridge ought to be built, and I suppose of course that the old one was incapable of thorough repair. Besides, as I observed in the beginning, it may be that this bridge was not regarded either by the board or the defendant, as being assigned to him or under his superintendence. Such seems to have been the fact, from the circumstance that the board in its collective capacity seems to have reserved the duty of making repairs to itself, and to have provided for their being made, by taking a bond for that purpose from the contractor who built it. If so, the defendant performed his duty, when upon being notified of the ruinous condition of the bridge, he gave notice to the board.
The motion is granted in the case last stated.
Johnson & O’Neall, Js. concurred.